IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY, MISSOURI
ASSOCIATE CIRCUIT DIVISION

| | |
|---|---|
| DELORIS CAIRO, | ) |
|     Plaintiff, | ) Case No.: |
| | ) Div. No.: |
| v. | ) |
| MEDICREDIT, INC., | ) **JURY TRIAL DEMANDED** |
| Serve at: | ) |
| STK Registered Agent, Inc. | ) |
| 900 W. 48th Street, Suite 900 | ) |
| Kansas City, MO 64112 | ) |
|     Defendant. | ) |

### PETITION FOR DAMAGES

Comes now Plaintiff, Delores Cairo, by and through counsel, and states to this Court the following:

### INTRODUCTION AND JURISDICTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

2. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d).

3. This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227(3)(b).

4. This Court has jurisdiction of the TCPA claim under 47 U.S.C. § 227(3)(b).

5. Venue is appropriate in this Court because Defendant directed its illicit conduct at Plaintiff in Saint Louis County, Missouri.

6. Plaintiff demands a trial by jury on all issues so triable.

### PARTIES


EXHIBIT A

Electronically Filed - St Louis County - April 15, 2015 - 01:53 PM

7. Plaintiff is a natural person currently residing in Saint Louis County, Missouri. Plaintiff is a consumer within the meaning of the FDCPA. The alleged debt owed arises out of consumer, family and household transactions.

8. Defendant is a domestic corporation with its principal place of business in Columbia, Missouri. The principal business purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect alleged debts owed.

9. Defendant is engaged in the collection of debts from consumers using the mail and telephone in Missouri. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

10. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months, which has consisted of credit reporting, numerous calls made to Plaintiff's cellular phone and a call made by Plaintiff to Defendant in March 2015.

11. Defendant's calls for Plaintiff were placed from multiple phone numbers. Plaintiff is therefore unable to determine the exact number of calls Defendant placed to her.

12. Defendant has called Plaintiff from an automated telephone dialing system or artificial or prerecorded voice, as defined by 47 U.S.C. § 227(a)(1), utilizing multiple phone numbers that are registered to Defendant, and Plaintiff was charged for those calls.

13. Specifically, Defendant's dialing system has the capacity to store, dial and generate phone numbers such as Plaintiff's.

14. Defendant has called Plaintiff from its automated telephone dialing system or artificial or prerecorded voice and has left messages on Plaintiff's cellular phone without identifying themselves as a debt collector.

Electronically Filed - St Louis County - April 15, 2015 - 01:53 PM

15. Defendant's voicemails to Plaintiff were also heard by a third party.

16. Plaintiff never entered into any agreement whereby she provided express consent for Defendant to place calls to her cellular phone with Defendant's automated telephone dialing system or artificial or prerecorded voice.

17. Plaintiff never entered into any agreement whereby she consented to arbitrate disputes between herself and Defendant.

18. Plaintiff's credit report indicated an alleged debt, comprised of a delinquent Ameren Missouri account for an unpaid bill of approximately $469.

19. Prior to hearing Defendant's voicemails, Plaintiff had never heard of or received written communications from Defendant.

20. Plaintiff's initial communication took place with Defendant via telephone on March 5, 2015 in order to learn more information about the alleged debt.

21. During the phone conversation, Defendant acknowledged that this was the first time the parties had spoken and that Defendant had previously sent Plaintiff any and all information to the wrong address.

22. Because Defendant never sent Plaintiff a letter explaining her rights pursuant to 15 U.S.C. § 1692g, those rights remained in full effect throughout Defendant's collection activity.

23. Likewise, because Plaintiff had never received a letter, her (30) day statutory dispute period provided by § 1692g had not yet begun to toll.

24. During the phone conversation, Defendant sought payment, even though Plaintiff told Defendant that the account was erroneous as she never lived at the address where service for the alleged account took place.

25. Defendant further told Plaintiff that if "you think it's fraud, you would need to file a police report in order to get it out of your name."

26. Plaintiff also told Defendant, and Defendant agreed, to remove any number that they had for Plaintiff on file.

27. During the phone call, Plaintiff asked politely about how payment will impact her credit score, and Defendant told her that when you pay off the debt it will "raise your credit score."

28. These numerous assertions made by Defendant were false or misleading and were tactics or misrepresentations intended to coerce or deceive Plaintiff into paying the alleged debt.

29. Defendant's conduct caused Plaintiff to believe that she could not exercise her Section 1692g rights or that such an exercise would not be honored, and that she had to pay the alleged debt within the dispute period. Defendant overshadowed Plaintiff's rights to dispute, validate and verify the debt during the conversation.

30. Even though Plaintiff told Defendant to not contact her and Defendant agreed to "remove" her number and not reach out to her, Defendant still contacted Plaintiff on her cell phone numerous times, including on 3/6/2015, 3/10/2015, 3/13/2015, 3/16/2015 and 3/19/2015.

31. Such calls were solely intended to harass Plaintiff.

32. To date, Defendant has never sent a validation notice to Plaintiff.

33. Defendant's collection attempts and misrepresentations have caused Plaintiff to incur actual damages, attorney's fees, as well as emotional distress and denial of credit.

### COUNT I: VIOLATION OF THE FDCPA

34. Plaintiff re-alleges and incorporates by reference the above paragraphs.

35. Defendant regularly attempts to collect consumer debts asserted to be due to another and, at all relevant times herein, was a "debt collector" as defined by 15 U.S.C. § 1692a(6).

Electronically Filed - St Louis County - April 15, 2015 - 01:53 PM

Electronically Filed - St Louis County - April 15, 2015 - 01:53 PM

36. A single action on the part of a debt collector can violate multiple sections of the FDCPA.

37. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 *et. seq.* including, but not limited to the following:

   a. Engaging in false, misleading or deceptive means in an attempt to collect a debt in violation of 15 U.S.C. § 1692d-f;

   b. Overshadowing Plaintiff's dispute, validation, and verification rights in violation of 15 U.S.C. §1692g;

   c. Utilizing unfair and unconscionable means to collect an alleged debt in violation of 15 U.S.C. § 1692f;

   d. Communicating with third parties about the debt in violation of 15 U.S.C. §1692c(b);

   e. Failing to read mini-miranda warnings prior in Defendant's attempt to collect a debt in violation of 15 U.S.C. §1692e(11);

   f. Failing to send the 30 day validation notice within five days of the initial communication in violation of 15 U.S.C. § 1692g.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

   A. Declaratory judgment that Defendant's conduct violated the FDCPA;

   B. Actual damages;

   C. Release of the alleged debt;

   D. Statutory damages, costs, litigation expenses and attorney's fees pursuant to 15 U.S.C. § 1692(k); and

   E. For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

38. Plaintiff re-alleges and incorporates by reference the above paragraphs.

39. In Defendant's attempt to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, 47 U.S.C. § 227 *et. seq.* including, but not limited to, the following:

> a. By placing non-emergency phone calls from Defendant's automated telephone dialing system or artificial or prerecorded voice to Plaintiff's cellular telephone without express authorized consent of the Plaintiff. 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

> A. Declaratory judgment that Defendant's conduct violated the FDCPA;
>
> B. Actual damages;
>
> C. Release of the alleged debt;
>
> D. Statutory damages, costs, litigation expenses and attorney's fees pursuant to 47 U.S.C. § 227(b)(1)(A)(iii); and
>
> E. For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury, in the Associate Circuit Court of Saint Louis County, Missouri on all counts and allegations of wrongful conduct alleged in this Petition.

Respectfully submitted,

AEKTRA LEGAL, LLC

/s/ Steven A. Donner
Steven A. Donner, #63789
1108 Olive Street, Suite 200
St. Louis, Missouri 63101
Phone: (314) 240-5350
Fax.    (888) 785-4461
Email:  steve.donner@da-lawfirm.com